[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 4349
By his petition, petitioner seeks a writ of habeas corpus claiming that respondent has improperly calculated his sentence. It is petitioner's claim that he is eligible for additional jail credit which respondent has failed to grant him.
For reasons hereinafter stated, the petition is dismissed.
The evidence indicates that petitioner is in the custody of respondent pursuant to numerous mittimuses after convictions for numerous crimes committed in various jurisdictions within the state of Connecticut. The administration of petitioner's incarceration is rather confusing. The basic cause for this confusion is petitioner's criminal behavior which resulted in his imprisonment.
It is petitioner's claim that he is entitled to pretrial confinement credit for the period of March 10, 1997 to March 12, 1997, May 6, 1997 to May 13, 1997 and October 8, 1997 to January 28, 1998 on all docket numbers.
From the evidence it is found that on January 28, 1998 in the Judicial District of Waterbury, petitioner was convicted of violating his probation and received a sentence for four years. It is clear from the transcript of the proceedings in Waterbury, that it was anticipated that petitioner would be taken on the same day to G.A. 17 in Bristol where he would plead to additional charges and receive a five year concurrent term of imprisonment. It was also clear that there was no guarantee that the Bristol court would be bound to this agreement.
Petitioner was not presented before the Bristol court on January 28, 1998. He did not come before the court until February 9, 1998 when he was presented before G.A. 4 in Waterbury. At that time, petitioner entered pleas and was convicted of five separate offenses. Concurrent sentences of five years were imposed for each of these sentences. The sentences were imposed concurrently to each other and to the violation of probation sentence imposed on January 28, 1998.
In presenting the plea agreement, defense counsel stated that petitioner "would get the credit. Jail credit, whatever jail credit he'd be entitled to based upon any time he was held in lieu of bond on these files. Obviously that would end when he became a sentenced prisoner, but for the time he was held." It was requested that this be noted on the mittimus. The state's attorney agreed to this.
On the mittimus 4 docket, No. CR97-264927, the following notation was CT Page 4350 made "* * * credit time prior to VO plea." Subsequently, a corrected mittimus was issued with the notation "credit time prior to VOP plea 10-8-97 through 1-28-98."[1] The comments on what jail credit petitioner would receive placed on the records by the attorneys at the sentencing on February 9, 1998 indicate that petitioner should receive all credits to which he would be entitled under the law. This is rather vague since it only states an understanding that petitioner would be entitled to credit which are prescribed by C.G.S. § 18-98d. Under this statute, the inability to obtain bail must be the sole reason for presentence confinement credit. For example, a person sewing a sentence could not receive credit under the provisions of the statute since the inability to obtain bail was not the sole reason for his incarceration. In this connection it is noted that petitioner became a sentenced prisoner on January 28, 1998 and would not be entitled to credit for pretrial confinement after that date.
Petitioner's sentences are all concurrent. The longest sentence is the five year sentence imposed on Docket No. 257043 on February 9, 1998 at Waterbury. This five year sentence is the controlling sentence. On this sentence and on all sentences imposed on February 9, 1998, petitioner has received jail credit for pretrial confinement from October 21, 1997 to January 28, 1998. On this particular file, he has also received credit for the period March 10, 1997 to March 11, 1997. He does not receive credit for any other periods of incarceration and there is no showing that he is entitled to anything further under the law and there is no court order covering any additional periods.
In addition to the period between October 8, 1997 and January 28, 1998, petitioner has requested credit for pretrial confinement during the period of March 10, 1997 to March 12, 1997, May 6, 1997 to May 13, 1997 as well as October 8, 1997 to January 28, 1998 on all files. In effect, petitioner is requesting the habeas court to award him credit for all pretrial confinement on all files whether or not he is legally entitled to such credit under the law and without a specific order from the trial judge.
It is noted that at no time has petitioner requested to withdraw his plea of guilty or to appeal an illegal sentence.
Accordingly, petitioner having failed to establish grounds for the relief requested, the petition for a writ of habeas
Joseph J. Purtill, Judge Trial Referee